FILED-CLERK
U.S. DISTRICT COURT

2007 JUN 20 PM 2:52

TX EASTERN-MARSHALL

BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TYCO HEALTHCARE GROUP LP, MALLINCKRODT INC. and LIEBEL-FLARSHEIM COMPANY<br><br>Plaintiffs,<br><br>vs.<br><br>E-Z-EM, INC<br><br>Defendant | CASE NO.<br>**2-07CV-262**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS TYCO HEALTHCARE GROUP LP, MALLINCKRODT INC. AND LIEBEL-FLARSHEIM COMPANY'S COMPLAINT FOR PATENT INFRINGEMENT

### THE PARTIES

1. Plaintiff Tyco Healthcare Group LP ("Tyco") is a limited partnership organized and existing under the laws of the State of Delaware having a place of business at 15 Hampshire Street, Mansfield, Massachusetts 02048

2. Plaintiff Mallinckrodt Inc. ("Mallinckrodt") is a corporation organized and existing under the laws of the State of Delaware having an address of 675 McDonnell Boulevard, Hazelwood, Missouri 63042. Mallinckrodt is an affiliate of Tyco.

3. Plaintiff Liebel-Flarsheim Company ("L-F") is a Delaware corporation having a place of business at 2111 East Galbraith Road, Cincinnati, Ohio 45212  L-F is a wholly-owned subsidiary of Mallinckrodt.

4. Upon information and belief, Defendant E-Z-EM, Inc ("E-Z-EM") is a corporation organized and existing under the laws of the State of Delaware, having its principal

place of business at 1111 Marcus Ave., Lake Success, NY 11042. E-Z-EM does business in this judicial district including the advertisement, marketing, offer for sale, sale and/or importation of the products accused to infringe L-F's patent.

## JURISDICTION

5. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over E-Z-EM because E-Z-EM has established minimum contacts with the forum and the exercise of jurisdiction over E-Z-EM would not offend traditional notions of fair play and substantial justice. On information and belief, E-Z-EM has voluntarily conducted business and solicited customers throughout the Eastern District of Texas. On information and belief, E-Z-EM advertises, markets, sells and distributes infringing injector systems in the Eastern District of Texas.

7. E-Z-EM has committed and continues to commit acts of patent infringement in the Eastern District of Texas and elsewhere in the United States.

## VENUE

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400 because E-Z-EM is subject to personal jurisdiction in the Eastern District of Texas. On information and belief, E-Z-EM has voluntarily conducted business and sold infringing products in the Eastern District of Texas, including advertising, marketing, selling and distributing infringing injector systems in the Eastern District of Texas.

9. E-Z-EM has committed and continues to commit acts of patent infringement in the Eastern District of Texas.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,868,710

10. United States Patent No. 5,868,710 ("'710 patent"), entitled "Medical Fluid Injector," was duly and legally issued on February 9, 1999 to Dane J. Battiato, Gary S. Wagner,

Steve P. Verdino, Robert G. Bergen, James E. Knipfer, Pamela K. Jacobs, Peter F. Staats, John N. Minnich, Charles S. Neer, James H. Goethel, and Mitchell G. Stern. L-F owns and has full rights to sue and recover damages for infringement of the '710 patent. A copy of the '710 patent is attached hereto as Exhibit 1.

11. The '710 patent is valid and enforceable.

12. On information and belief, E-Z-EM has infringed, and is still infringing, one or more claims of the '710 patent in at least this District by making, using, offering to sell, selling, and/or importing certain injector systems, including but not limited to injectors marketed under the names EmpowerCT and EmpowerCTA, that infringe one or more of the claims of the '710 patent.

13. On information and belief, E-Z-EM has actively induced, and continues to induce, the infringement of one or more claims of the '710 patent, in at least this District, by actively inducing the making, use, offer for sale, sale, and/or import of certain injector systems, including but not limited to injectors marketed under the names EmpowerCT and EmpowerCTA.

14. On information and belief, E-Z-EM has contributorily infringed and currently is contributorily infringing the '710 patent by offering to sell and/or selling within the United States, and/or importing into the United States, a component of a machine, manufacture, combination or composition covered by the '710 patent, and/or a material or apparatus for use in practicing a process covered by the '710 patent, constituting a material part of the invention, which is not a staple article or commodity of commerce suitable for substantial noninfringing use. On information and belief, E-Z-EM knows, and/or prior to the time of service of this complaint will know, that the component and/or material and/or apparatus is especially made or especially adapted for use in an infringement of the '710 patent.

15. On information and belief, E-Z-EM's infringement of one or more claims of the '710 patent has taken place, and/or prior to the time of service of this complaint will be taking place, with full knowledge of the '710 patent and is and/or prior to the time of service of this complaint will be willful, deliberate, and intentional.

16. E-Z-EM's infringement of one or more claims of the '710 patent has injured

Tyco, Mallinckrodt and L-F, and Tyco, Mallinckrodt and L-F are entitled to recover damages adequate to compensate them for E-Z-EM's infringement, which in no event can be less than a reasonable royalty.

17.   E-Z-EM has caused Tyco, Mallinckrodt and L-F substantial damage and irreparable injury by its infringement of one or more claims of the '710 patent, and Tyco, Mallinckrodt and L-F will continue to suffer damage and irreparable injury unless and until the infringement by E-Z-EM is enjoined by this Court

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Tyco, Mallinckrodt and L-F respectfully request that judgment be entered in favor of Tyco, Mallinckrodt and L-F and against Defendant E-Z-EM and prays that the Court grant the following relief to Tyco, Mallinckrodt and L-F:

A   A judgment that E-Z-EM has infringed, induced the infringement of, and/or contributed to the infringement of the '710 patent, and continues to infringe, induce the infringement of, and/or contribute to the infringement of the '710 patent;

B   A judgment that E-Z-EM's infringement of the '710 patent was willful, and continues to be willful;

C   Entry of a permanent injunction pursuant to 35 U S C § 283 enjoining E-Z-EM, its officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement, contributory infringement, and inducement of infringement of the '710 patent, including but not limited to making, using, offering to sell, selling, or importing any products that infringe or products that perform the patented processes set forth in the '710 patent;

D.  An award of all damages adequate to compensate Tyco, Mallinckrodt and L-F for E-Z-EM's infringement, contributory infringement, and/or inducement of infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

E.  An award of prejudgment and post-judgment interest to Tyco, Mallinckrodt and L-F pursuant to 35 U.S.C. § 284;

F.  An award of increased damages in an amount not less than three times the amount of damages awarded to Tyco, Mallinckrodt and L-F for E-Z-EM's willful infringement of the '710 patent pursuant to 35 U.S.C. § 284;

G.  A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by Tyco, Mallinckrodt and L-F in this action; and

H.  Such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Tyco, Mallinckrodt and L-F hereby demand a trial by jury on all issues and claims so triable.

DATED: June 20, 2007

Of Counsel:

Robert G. Krupka, P.C. (CA State Bar No. 196625)
Brian G. Arnold (CA State Bar No. 186007)
Christopher C. Smith (CA State Bar No. 238882)
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone:   (213) 680-8400
Facsimile:    (213) 680-8500
Email:         rkrupka@kirkland.com
                  barnold@kirkland.com
                  csmith@kirkland.com

By: /s/ Melissa Smith

Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 S. Washington Avenue
Marshall, TX 75670
Telephone:   (800) 304-9731
Facsimile:    (903) 934-9257
Email:         melissa@gillamsmithlaw.com

Attorneys for Plaintiffs
TYCO HEALTHCARE GROUP LP,
MALLINCKRODT INC. and LIEBEL-
FLARSHEIM COMPANY