**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TYCO HEALTHCARE GROUP LP, MALLINCKRODT INC. and LIEBEL-FLARSHEIM COMPANY<br><br>        Plaintiffs,<br><br>vs.<br><br>E-Z-EM, INC.<br><br>        Defendant | Civil Action No. 2:07-CV-262 (TJW) |

**DEFENDANT'S MOTION TO DISMISS
TYCO HEALTHCARE GROUP LP AND MALLINCKRODT INC. AS PARTY-
PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1), Defendant E-Z-EM, Inc. ("E-Z-EM") hereby moves the Court for an order dismissing Plaintiffs Tyco Healthcare Group LP ("Tyco") and Mallinckrodt Inc.'s ("Mallinckrodt") as Parties to this action for lack of standing.

Plaintiffs' Complaint for Patent Infringement ("Complaint") alleges infringement by E-Z-EM of U.S. Patent No. 5,868,710 (the "'710 patent"). Plaintiffs' claims purportedly arise under 35 U.S.C. § 1 *et seq.*, and the Complaint seeks relief in the form of both monetary damages and permanent injunctive relief.

The Complaint explicitly alleges that Plaintiff Liebel-Flarsheim Company ("L-F") owns the '710 patent and has the right to enforce that patent. However, with respect to Mallinckrodt and Tyco, the Complaint merely alleges that L-F is a wholly-owned subsidiary of Mallinckrodt and that Mallinckrodt is an affiliate of Tyco. The law is clear that parent companies of patent owners do not have standing under the Patent Act to

recover damages for patent infringement based on the mere fact that the patent owner is the wholly-owned subsidiary of the parent. Thus, neither Mallinckrodt nor Tyco have standing to seek monetary damages arising from any alleged infringement by E-Z-EM of the '710 patent. Moreover, case law holds that a parent company lacks standing to sue for equitable relief arising from patent infringement where the patent is owned by its wholly-owned subsidiary. Thus, Mallinckrodt and Tyco do not have standing to seek permanent equitable relief from any purported infringement by E-Z-EM of the '710 patent.

E-Z-EM submits this motion and memorandum of law in lieu of an Answer to the Complaint filed by Tyco and Mallinckrodt. E-Z-EM files concurrently herewith its Answer, Affirmative Defenses and Counterclaim to the Complaint filed by L-F.

**BACKGROUND**

On June 20, 2007, Plaintiffs' filed their Complaint alleging that certain injector systems sold by E-Z-EM infringe one or more claims of the '710 patent. The '710 patent is entitled "Medical Fluid Injector" and is generally directed to an injector for injecting fluids from a syringe into an animal subject. The Complaint alleges that "L-F owns and has full rights to sue and recover damages for infringement of the '710 patent." Complaint, at ¶ 10. According to United States Patent and Trademark Office ("USPTO") records, the owner of the '710 patent is L-F. *See* Exhibit A. The Complaint further alleges that L-F is a wholly-owned subsidiary of Mallinckrodt, and that Mallinckrodt is an affiliate of Tyco.[1] *Id*. at ¶¶ 2-3. The Complaint seeks both permanent injunctive relief and monetary damages arising from E-Z-EM's alleged infringement.

---

[1] We note that the term "affiliate" can be used to describe the situation where one entity has a minority ownership interest in another.

**RELEVANT CASE LAW**

Standing to bring a suit is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Fieldturf, Inc. v. Southwest Recreational Industries, Inc.*, 357 F.3d 1266, 1268 (Fed. Cir. 2004). It is well settled that standing cannot be "inferred argumentatively from the averments in the pleadings," but rather a case for a party's standing "must affirmatively appear in the record." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (citations omitted). The party which seeks the exercise of jurisdiction in its favor has the burden of clearly alleging facts demonstrating that it is a proper party to invoke judicial resolution of the dispute. *Id.* at 231 (citations omitted).

Standing in a patent case is derived from the Patent Act, which provides: "A patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281. Thus the owner of a patent has standing to sue for patent infringement. In addition, a party may have standing to sue for infringement of a patent if they are the exclusive licensee of that patent. *See e.g. Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1348 (Fed. Cir. 2001).

Courts have routinely held that parent companies of patent owners do not have standing under the Patent Act based on the mere fact that the patent owner is the wholly-owned subsidiary of the parent. *See Merial Ltd. v. Intervet Inc*. 430 F.Supp.2d 1357, 1362 (N.D. Ga. 2006) (dismissing the case because plaintiff did not have standing). The *Merial* court observed that "standing under the Patent Act cannot be based on the mere fact that Merial SAS is a wholly-owned subsidiary of Merial. Merial's ownership of Merial SAS alone does not make Merial the owner of the patent at issue." *See also LDM*

*Technologies, Inc. v. Rowen-Waters Group*, L.L.C., No. 02-73520, 2005 WL 2449300, at *2 (E.D. Mich. Sept. 28, 2005) (noting that "there is no authority which confers standing on a parent company to file a patent suit on behalf of its subsidiary."); *Steelcase Inc., et al. v. Smart Technologies Inc., et al.*, 336 F. Supp. 2d 417 (W.D. Mich. 2004) (granting Defendants' motion to dismiss a parent company on the grounds that a parent company does not have standing to sue for patent infringement solely because it owns the patent owner); *Beam Laser Systems, Inc., et al. v. Cox Communications, Inc.*, 117 F. Supp. 2d 515 (E.D. Va. 2000) (holding that despite being the sole shareholder of a patent owner, shareholder did not have standing to sue for infringement); *Site Microsurgical Systems, Inc. v. Cooper Cos., Inc.,* 797 F. Supp. 333, 338 (D. Del. 1992) (refusing to join a parent corporation as a Plaintiff where "the plaintiff offers no authority, that a parent corporation effectively has the patent rights of owners, assignees, and licensees by virtue of its ownership of a subsidiary holding the patent.").

Courts have further held that parent companies do not have standing to seek equitable relief for the infringement of their subsidiary's patents. For example, in granting the defendants' motion to dismiss a parent company plaintiff, the *Steelcase* Court made it clear that ownership of a patent owner alone does not give a parent company standing for any remedy, at law or at equity: "for purposes of standing, a parent does not have equitable title in a patent solely by virtue of its ownership of the subsidiary." *Steelcase*, 336 F. Supp. 2d at 719. *See also Beam Laser Systems*, 117 F. Supp. 2d at 521 (holding that being the sole owner of a corporation's stock does not give

equitable title to the corporation's patents, and therefore the owner of a subsidiary patent owner does not have standing). [2]

## ARGUMENT

Mallinckrodt and Tyco have failed to plead any facts evidencing that they are proper parties to this patent infringement action. The '710 patent—the only patent being asserted in this case—is allegedly owned solely by L-F. Indeed, the Complaint alleges that "L-F owns and has full rights to sue and recover damages for infringement of the '710 patent." Complaint, at ¶ 10. Moreover, USPTO records indicate that L-F is the sole assignee of the '710 patent. Thus, it appears that only L-F has standing to enforce the '710 patent.

In contrast, the Complaint does not allege any rights in the '710 patent by Mallinckrodt or Tyco, nor does it allege any type of licensee/licensor relationship with L-F concerning the '710 patent. Instead, the Complaint merely alleges that L-F is a wholly owned subsidiary of Mallinckrodt, and that Mallinckrodt is merely an affiliate of Tyco.

The law is clear that absent a showing of some additional facts (e.g. being an exclusive licensee) beyond the fact that a parent company owns a subsidiary patent owner, a parent company has no standing to sue for infringement of a patent. In particular, a parent does not have standing to seek monetary damages arising out of infringement of a patent owned by the parent's wholly owned subsidiary. *Merial Ltd.*, 430 F. Supp. 2d at 1362; *LDM Technologies,* No. 02-73520, 2005 WL 2449300, at *2.

---

[2] One earlier decision held to the contrary. *Pipe Liners, Inc. v. American Pipe & Plastics, Inc.*, 893 F. Supp. 704, 707 (S.D. Tex. 1995) (holding that plaintiff parent company does "not have legal title to the disputed patents and may not assert legal claims against Defendants," but "does have standing to assert equitable claims for injunctive and declaratory relief."). The *Pipe Liners* holding, however, has been directly addressed and rejected in the above noted, subsequent decisions. *Steelcase*, 336 F. Supp. 2d at 718 - 719; *Beam Laser Systems*, 117 F. Supp. 2d at 521.

This rule of law would apply to affiliates as well, given that affiliate-type corporate relationship is a less close relationship than a parent/subsidiary relationship.

Moreover, most recently courts have held that a parent (and therefore an affiliate) does not have standing to seek equitable relief based on infringement of a patent owned by the parent's wholly owned subsidiary.  *Steelcase*, 336 F. Supp. 2d at 719; *Beam Laser Systems*, 117 F. Supp. 2d at 521.

Accordingly, Mallinckrodt and Tyco lack standing to sue E-Z-EM for infringement of the '710 patent.  The Complaint does not allege any facts evidencing that they are proper parties to this patent infringement action.  Therefore, their claims against E-Z-EM should be dismissed.

## CONCLUSION

For the foregoing reasons, Mallinckrodt and Tyco lack standing to sue E-Z-EM for infringement of the '710 patent, and should be dismissed as Parties to this action pursuant to Fed. R. Civ. P. 12(b)(1) for failure to state a claim upon which relief can be granted, or in the alternative, pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Dated this 30th day of August, 2007.        By:  */s/ Tracy Crawford*
                                                  Tracy Crawford
                                                  State Bar No. 05024000
                                                  RAMEY & FLOCK
                                                  100 East Ferguson
                                                  Suite 500
                                                  Tyler, Texas  75702
                                                  (903) 597-3301
                                                  (903) 597-2413 (fax)
                                                  Email: tracyc@rameyflock.com

                                                  Philippe Bennett
                                                  William H. Baker
                                                  David Eklund

ALSTON & BIRD LLP
90 Park Avenue
New York, NY  10016-1387
(212) 210-9400
(212) 210 9444 (fax)
Email: phillippe.bennett@alston.com
bill.baker@alston.com
david.eklund@alston.com

*Attorneys for Defendant E-Z-EM, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV0-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. first Class Mail this 30th day of August,  2007.

　/s/*Tracy Crawford*
TRACY CRAWFORD