# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TYCO HEALTHCARE GROUP LP, § <br> MALLINCKRODT INC. and LIEBEL- § <br> FLARSHEIM COMPANY, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> E-Z-EM, INC. and ACIST MEDICAL § <br> SYSTEMS, INC., § <br>     Defendants. § | CIVIL ACTION NO. 2:07-CV-262 (TJW) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs Mallinckrodt Inc. and Liebel-Flarsheim Company's Motion and Memorandum in Support Thereof to Dismiss Certain Counterclaims and to Strike Related Affirmative Defenses in Defendants E-Z-EM, Inc. and Acist Medical Systems, Inc.'s Second Amended Answer. (Dkt. No. 67) Having considered the parties' arguments and applicable law, the Court DENIES Plaintiffs' motion.

## I.  BACKGROUND

Plaintiffs Tyco Healthcare Group LP,[1] Mallinckrodt, Inc. and Liebel Flarsheim Company (collectively, "Plaintiffs") filed suit against E-Z-EM, Inc. and Acist Medical Systems, Inc. (collectively, "Defendants") alleging that Defendants infringed U.S. Patent Number 5,868,710 ("the '710 patent"). The invention discloses a medical fluid injector that includes a system for detecting air in the neck of a syringe. The invention's aim is to reduce the likelihood that air will be injected into a patient during the injection process.

During prosecution of the '710 patent, the patent examiner found that claims 33 and 34 of the original application were patentably distinct and should be separated into new applications.

---

[1] Tyco Healthcare Group LP is no longer a plaintiff in this case.

(Dkt. No. 67, p. 3) Thereafter, the applicant filed two new applications, one each for claims 33 and 34.

Defendants asserted a number of counterclaims and affirmative defenses, including an affirmative defense that the '710 patent is unenforceable due to inequitable conduct and a counterclaim seeking a judgment declaring that the '710 patent is unenforceable. (Dkt. No. 65) Specifically, Defendants allege that Plaintiffs intentionally withheld from the PTO, *inter alia*, information related to Liebel-Flarsheim's Angiomat 6000 injector system ("the Angiomat 6000"), Liebel-Flarsheim's CT 9000 injector system ("the CT 9000"), and a written opinion from the European Patent Office concerning a substantially similar patent application ("the EPO opinion"). (Dkt. No. 65 at pp. 6, 32) Plaintiffs filed this motion to dismiss Defendants' affirmative defense and counterclaim relating to inequitable conduct. (Dkt. No. 67)

## II. DISCUSSION

The legal standard for dismissing claims under FED. R. CIV. P. 12 ("Rule 12") is well established. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2008). A court cannot require heightened fact pleading, but a complaint must state enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. The complaint is construed in favor of the plaintiff, and all facts pleaded in the complaint are accepted as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(6) "'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). However, a plaintiff is obligated to provide the grounds of his claim with "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The "issue is not whether [the plaintiffs] will ultimately prevail, but whether [they are] entitled to offer evidence to support [their] claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

A patent may be rendered unenforceable for inequitable conduct if an applicant, with intent to mislead or deceive the examiner, fails to disclose material information or submits materially false information to the PTO during prosecution. *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 487 F.3d 897, 913 (Fed. Cir. 2007). Therefore, to survive a motion to dismiss, an affirmative defense or counterclaim of unenforceability due to inequitable conduct must plead facts that plausibly support the conclusion that the patent applicant (1) withheld (2) material information (3) with the intent to deceive the patent examiner. *See id.*

The Court finds that Defendants have pled facts that would plausibly support a claim of inequitable conduct. Defendants have identified references (*e.g.*, the Angiomat 6000 and the CT 9000) that the applicant withheld from the patent examiner during prosecution of the '710 patent. Defendants also allege that those references were material to the patent application, and that the applicants withheld those references intentionally.

Plaintiffs argue that the Court should dismiss the inequitable conduct claims because Defendants' pleading includes allegations that the applicants withheld the EPO opinion. Plaintiffs rely upon *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534 (Fed. Cir. 1998), to support their argument. In *ADT v. Lydall*, the Federal Circuit evaluated whether reports from searches of international patent offices were material and concluded that "it is the reference itself, not the information generated in prosecuting foreign counterparts, that is material to prosecution in the United States. The details of foreign prosecution are not an additional category of material information." *ADT v. Lydall*, 159 F.3d at 547. The Court does not agree with Plaintiffs' that

*ADT* mandates dismissal of Defendants' inequitable conduct claims. Defendants' counterclaim and affirmative defense do not rely solely on the EPO opinion. Defendants have also alleged that the applicants withheld multiple references from the PTO, including references that do fall within a category of material information, namely the CT 9000 and the Angiomat 6000. Defendants' allegations, if true, would plausibly support their inequitable conduct claim.

Plaintiffs also argue that the inequitable conduct claim must be dismissed because the doctrine of "infectious unenforceability" does not extend to divisional applications, of which there are two in this case. Plaintiffs rely upon *Baxter Int'l, Inc. v. McGaw, Inc.*, 149 F.3d 1321 (Fed. Cir. 1998), to support their argument. In *Baxter*, the district court found that the applicant committed inequitable conduct during prosecution of two of three divisional applications stemming from a common parent application. *Baxter*, 149 F.3d at 1326. According to the court, the third patent was "infections[ly]" unenforceable, even though there was no inequitable conduct during prosecution of the third divisional application. *Id.* at 1327. The Federal Circuit, reversing the district court's conclusion, stated that "where . . . claims are subsequently separated from those tainted by inequitable conduct through a divisional application, and where the issued claims have no relation to the omitted prior art, the patent issued from the divisional application will not also be unenforceable due to inequitable conduct committed in the parent application." *Baxter*, 149 F.3d at 1332. Defendants' allegations are sufficiently distinct from the facts in *Baxter*. Defendants do not seek declaratory judgment that the divisional applications are unenforceable. Here, Defendants allege that the omitted prior art is related to the application for the asserted patent *as well as* the divisional applications. Defendants' allegations, if true, could support the conclusion that the '710 patent is independently unenforceable due to inequitable conduct.

## III. CONCLUSION

The Court DENIES Plaintiffs' motion to dismiss.

It is so ORDERED.

SIGNED this 17th day of September, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE