IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TYCO HEALTHCARE GROUP LP, MALLINCKRODT INC. and LIEBEL-FLARSHEIM COMPANY, Plaintiffs, v. E-Z-EM, INC. and ACIST MEDICAL SYSTEMS, INC., Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 2:07-CV-262 (TJW) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion to Compel Defendants to Produce Documents Allegedly Covered by Defendants' Purported "Settlement Negotiations" Privilege. [Dkt. No. 223]. After considering the parties' briefing, Plaintiffs' motion is GRANTED.

Plaintiffs Mallinckrodt Inc.and Liebel-Flarsheim, Co. (collectively "Mallinckrodt") seek communications between Defendants E-Z-EM, Inc. and Acist Medical Systems, Inc.'s (collectively "E-Z-EM") counsel and third-party Medrad that culminated in a license agreement (hereinafter "settlement negotiations"). E-Z-EM entered into a license to use the technology protected by Medrad's "injector control" patents in a number of E-Z-EM's products, including the accused products in this case. E-Z-EM Surreply, Exhibit A. [Dkt. No. 328-2] E-Z-EM argues that the documents are protected by a settlement negotiations privilege, as recognized in *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003). Mallinckrodt asserts that no such privilege attaches because 1) the *Goodyear* doctrine has been called into doubt and, 2) the license agreement was not related to any litigation.

I.  **Legal Standard**

Rule 26(b)(1) governs the scope of discovery, providing that "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" or "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

As the Fifth Circuit has repeatedly instructed, "'[a] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Beattie v. Madison County Sch. Dist.,* 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000)). *See also Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000). The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* FED. R. CIV. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("[Rule] 37(a)[(3)(B)(iii) and (iv)] empowers the court to compel the production of documents . . . upon motion by the party seeking discovery."). Materials and information are discoverable if they are "relevant to any party's claim or defense" or if they "appear[] reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

## II. Discussion

This Court has in the past followed *Goodyear* generally and adopted a bright-line rule that settlement negotiations are privileged while the resulting license agreement is discoverable. *See, e.g., Intergraph Hardware Tech. Co v. Dell Computer Corp.*, No. 2:02-cv-312, Dkt. No. 348 (E.D. Tex. June 2, 2004) (citing to *Goodyear* in a denial of a motion to compel settlement

negotiations). A recent decision from the Federal Circuit causes the Court to shift its approach toward the discoverability of settlement negotiations. *See ResQNet.com, Inc. v. Lansa, Inc.*, 2010 WL 396157 (Fed. Cir. 2010).

The Federal Circuit has explained that prior license agreements that result from litigation can be the "most reliable" to the hypothetical negotiation damages analysis and, when performing a reasonable royalty calculation, the Court should consider "the panoply of 'events and facts that occurred thereafter and that could not have been known to or predicted by the hypothesized negotiators.'" *ResQNet*, 2010 WL 396157 at *11 (quoting *Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1575 (Fed. Cir. 1988)). A prior, related settlement agreement, where it exists, may be central to the fact-finder's determination of damages using a hypothetical negotiations analysis. Given that the "hypothetical reasonable royalty calculation occurs before litigation and that litigation itself can skew the results of the hypothetical negotiation," the parties are entitled to show whether and to what extent the rate from a prior license agreement is the result of a compromise or reflects a desire to avoid litigation. *Id.* Moreover, the district court should make "factual findings that account[] for the technological and economic differences between [previous] licenses and the [patent-in-suit]." *Id.* It necessarily follows that, in light of the admissibility and importance of prior related settlement agreements, *ResQNet* suggests that the underlying negotiations are relevant to the calculation of a reasonable royalty using the hypothetical negotiation damages model. The prior license agreements, as before *ResQNet*, must relate to the same patents or comparable technology to be of any value to the hypothetical negotiation process. *Id.* ("[T]he trial court should not rely on unrelated licenses to increase the reasonable royalty rate above rates more clearly linked to the economic demand for the claimed technology.") *See also Lucent Techs., Inc. v. Gateway*, 580

F.3d 1301, 1327–28 (Fed. Cir. 2009). The *Goodyear* privilege does not apply in light of the Federal Circuit's ruling in *ResQNet*.

## III. Conclusion

E-Z-EM is ordered to produce the settlement negotiations within 20 days of this order.

It is so ORDERED.

SIGNED this 2nd day of March, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE