**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TYCO HEALTHCARE GROUP LP, | § | |
| MALLINCKRODT INC. and LIEBEL- | § | |
| FLARSHEIM COMPANY, | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 2:07-CV-262 (TJW) |
| v. | § | |
| | § | |
| E-Z-EM, INC. and ACIST MEDICAL | § | |
| SYSTEMS, INC., | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion for a Protective Order. [Dkt. No. 466] Plaintiffs are seeking discovery of documents that are being withheld as privileged. For the reasons set forth in the opinion below, the Court DENIES IN PART Defendants' motion.

**I.     Background**

Plaintiffs Mallinckrodt Inc. and Liebel-Flarsheim Company ("Mallinckrodt") filed this law suit against Defendants on June 20, 2007, asserting, *inter alia*, willful infringement of U.S. Patent No. 5,868,710 ("the '710 patent"). Defendants E-Z-EM, Inc. and ACIST Medical Systems, Inc. ("E-Z-EM") contend that they first received notice of alleged infringement with the initiation of the present action. After having been served with the complaint, E-Z-EM requested an opinion letter relating to claim construction, invalidity, non-infringement, and unenforceability of the '710 patent. E-Z-EM received this opinion letter on July 17, 2007 from Walter Scott, an attorney with the law firm of Alston & Bird LLP. The opinion letter was addressed to Peter Graham, in house counsel for E-Z-EM. E-Z-EM, intending to rely upon the opinion letter in defense of the allegations of willful infringement, produced the opinion letter on March 22, 2010.

E-Z-EM hired the law firm of Alston & Bird LLP to represent it at trial in this case.  Mr. Philippe Bennett, who is lead trial counsel for E-Z-EM, allegedly "did not author the opinion of counsel nor sign the opinion."[1]  Motion at 2.  Shortly after authoring the opinion letter, Mr. Scott joined the trial team, participating actively with developing the non-infringement and invalidity defenses.

The forty-six-page opinion letter addresses many prominent issues in this case.  In it, Mr. Scott describes E-Z-EM's accused products, the technology of the '710 patent, the prosecution history of the '710 and related patents, claim construction, non-infringement literally or under the doctrine of equivalence, inequitable conduct, anticipation, and obviousness.  Mr. Scott opines that the accused products do not infringe the '710 patent because they do not have displays with multiple orientations.  With respect to invalidity, Mr. Scott opines that E-Z-EM's Percupump II injector anticipates claims 9, 10, and 12 of the '710 patent under 35 U.S.C. §§ 102(g) and 102(b). He also contends that the Percupump II renders claim 11 obvious.  Mr. Scott finally opines that the '710 patent is unenforceable because the inventors should have known about the Percupump II injector, but failed to bring this to the attention of the patent examiner.

In addition to the opinion letter, E-Z-EM produced "communications with E-Z-EM related to the opinion."  Motion at 3.  Mallinckrodt argues that E-Z-EM has waived privilege over "all communications relating to the subject matter of [the opinion letter]."  Response at 8.  Following a hearing on April 14, 2010, the Court ordered E-Z-EM to "submit a privilege log that is consistent with the scope of waiver found in *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 476 F. Supp. 2d 1159 (N.D. Cal. 2007)."  [Dkt. No. 494 at 3].  E-Z-EM served its Local Rule 3-7(b) privilege log on May 5, 2010.  Mallinckrodt now seeks production of every item in the log, as

---

[1] Although it matters not to the outcome of this decision, it is perhaps worth noting that Defendants do not allege that Mr. Scott authored the opinion letter without any involvement from Mr. Bennett.

well as other communications that are not listed in what it considers to be a "woefully inadequate" privilege log. [Dkt. No. 544 at 5]

## II.    Legal Standard

Parties are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  FED. R. OF CIV. P. 26(b)(1).  Information is relevant, even though inadmissable at trial, if discovery of it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*  "[T]o encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice," the law holds such communications to be privileged.  *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).   The client may waive the attorney-client privilege, but when he does so, the waiver extends to "all other communications relating the same subject matter." *In re Seagate Tech.*, 497 F.3d 1360, 1372 (Fed. Cir. 2007).

"Because willful infringement and the scope of waiver accompanying [an] advice of counsel defense invoke substantive patent law," Federal Circuit law applies.  *Seagate Tech.*, 497 F.3d at 1367-68.  The scope of the waiver is such that a patentee is entitled to take discovery in order to prove that an accused infringer's reliance the opinion of counsel was "objectively reckless." *Seagate*, 497 F.3d at 1370–71 (holding accused infringer's objective recklessness, and not affirmative duty of care, determines willful infringement). The scope of the waiver includes all topics that are discussed in the opinion of counsel but does not ordinarily extend to the client's communications with trial counsel.  *Seagate*, 497 F.3d at 1373 (finding that "fairness counsels against disclosing trial counsel's communications on an entire subject matter in response to an accused infringer's reliance on opinion counsel's opinion to refute a willfulness allegation").   Nonetheless, "trial courts remain free to exercise their discretion in unique circumstances to extend waiver to trial counsel." *Id.* at 1374–75.

3

The related doctrine of work-product immunity protects "documents and tangible things" prepared in anticipation of litigation and are both non-privileged and relevant. Fed. R. Civ. P. 26(b)(3). "[W]hen an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused [product]." *Echostar*, 448 F.3d at 1304. What is waived, for both attorney-client privilege and work product, is "letters, memorandum, conversation, or the like between the attorney and his or her client, [and] includes, when appropriate, any documents referencing a communication between the attorney and client."

## III.    Analysis

After *Seagate*, it is clear that the waiver of attorney client privilege extends to all subjects that are discussed in the opinion letter:   prosecution history, claim construction, non-infringement literally or under the doctrine of equivalence, inequitable conduct, anticipation, and obviousness.    What is left for the Court to resolve is whether that waiver extends to communications with trial counsel where, as here, trial counsel and opinion counsel belong to the same law firm and opinion counsel is an active member of the trial team.

E-Z-EM has cast doubt on the credibility of the opinion letter by asking the drafter of the opinion to become an active member of the trial team.  Mallinckrodt is entitled to challenge the reasonableness of the client's belief in the opinion and a jury is entitled to consider all of the client's communications with opinion counsel, whether provided before or after the start of litigation. *See Echostar*, 448 F.3d at n.4.  When the advice of counsel defense is asserted, waiver is ordinarily not extended to trial counsel because opinion counsel and trial counsel typically serve separate and distinct functions.  "Whereas opinion counsel serves to provide an objective assessment for making informed business decisions, trial counsel focuses on litigation strategy

4

and evaluates the most successful manner of presenting a case to a judicial decision maker." *Seagate*, 497 F.3d at 1373.  E-Z-EM has blurred that distinction by allowing opinion counsel to join the trial team.  Mr. Scott's function is no longer limited to objective assessment.  Mr. Scott's active participation on the trial team calls into serious question whether there is a "fundamental difference between these types of legal advice" in this case.  *Seagate*, 497 F.3d at 1373. Mallinckrodt is entitled to discover the extent to which advocacy and litigation strategy influenced Mr. Scott's opinion.

In a case decided prior to *Seagate*, the Northern District of California ("the NDCA") found that waiver extended to trial counsel under similar circumstances.  *Celerity*, 476 F.Supp.2d at 1164.  The NDCA found that "where opinion counsel and trial counsel are in the same firm, the same shelter does not extend for communications between a client and trial counsel, *if they are on the subject of the opinion relied on.*  Walls or no walls." *Id.*  The Court agrees with the NDCA's rationale: "It is the client's belief which is relevant to willfulness and which is subject to waiver by the advice-of-counsel defense.  . . . The issue in willfulness, especially alleged continuing willful infringement, is what the client knew, both before and after the filing of the complaint, regardless of who conveyed the information." *Id.* at 1166.  Likewise, "[i]f a draft opinion is prepared and given to [opinion counsel] who reviews in light of trial strategy before it is given to the client and then sends it back for redrafting if it is a little weak or inconsistent with the trial strategy, plaintiffs have a right to know this.  It bears on the independence, competence, analysis, credibility, and value of the opinion." *Michlin v. Canon, Inc.*, 208 F.R.D. 172, 174 (E.D. Mich. 2002).  In the present case, the dispositive fact is that the opinion counsel is actively participating in the trial efforts.  This participation casts doubt on whether opinion counsel is performing the role envisioned by the court in *Seagate*.

This case presents the "unique circumstances" envisioned by *Seagate* and under which the Court is free to exercise discretion. *See id.* at 1374–75. E-Z-EM has waived attorney-client privilege for all communications on the same subject matter included in the opinion letter. The waived communications include those between Mr. Scott and the client, Mr. Scott and the rest of the trial team, and the trial team and the client. E-Z-EM has also waived immunity for all work product that references such communications, and for all work product on the same subject that was communicated to the client. E-Z-EM is ordered to produce all documents subject to the scope of such waiver on or before June 1, 2010.

It is so ORDERED.

SIGNED this 24th day of May, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE